UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA WRAY HOPE ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. C22-0369-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1982, has an 11th-grade education, and has worked as a dishwasher, laundry attendant, and gas station cashier. AR 40, 179, 184. Plaintiff was last gainfully employed in 2007. AR 40-41.

In October 2019, Plaintiff applied for benefits, with an amended alleged onset date of October 25, 2019. AR 15, 36, 149-50. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 88-91, 102-09. After the ALJ conducted

a hearing in April 2021 (AR 30-56), the ALJ issued a decision finding Plaintiff not disabled. AR 15-25.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**: Plaintiff has the following severe impairments: anxiety, agoraphobia with panic disorder, migraine headaches, SUNCT syndrome, and obesity.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform medium work with additional limitations: she can frequently balance, stoop, kneel, crouch, and crawl. She can occasionally climb ramps and stairs, and can never climb ladders, ropes, or scaffolds. She can never work in hazardous environments (such as unprotected heights or around moving mechanical parts). She cannot drive a motor vehicle to perform work-related duties. She can perform unskilled, routine, repetitive work, consistent with Dictionary of Occupational Titles reasoning levels 1 and 2. She can work in a low-stress job, specifically jobs requiring only occasional decision-making and only occasional changes in the work setting. She can have no more than occasional interaction with supervisors, co-workers, and the general public with respect to performing work-related duties.

**Step four**: Plaintiff does not have past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-25.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred by failing to account for the noise restrictions indicated in multiple medical opinions. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

Consultative examiner Andrea Marshall, D.O., and State agency consultants opined that Plaintiff's headaches necessitated a restriction on excessive or concentrated noise. AR 65-67, 81-83, 334. The ALJ found Dr. Marshall's opinion to be persuasive because her conclusions were supported by her examination notes and were generally consistent with the record. AR 23. The ALJ found that some exertional, postural, and environmental limitations were warranted by Plaintiff's treatment, obesity, and subjective complaints, but that Plaintiff's normal examination findings, conservative treatment, positive response to headache treatment, and activities of daily living "are not consistent with greater limitations[.]" *Id*.

Similarly, the ALJ found the State agency medical consultant opinions to be "significantly persuasive" because they were supported by references to the record and generally consistent with them. AR 21-22. The ALJ found, however, that "greater limitations" were not consistent with the evidence showing normal examination findings, conservative treatment, positive response to headache treatment, and activities of daily living. AR 22.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

According to Plaintiff, the ALJ erred in failing to specifically explain why the noise limitations indicated by Dr. Marshall and the State agency medical consultants were inconsistent with the record, despite finding their opinions persuasive. Dkt. 10 at 6. The Commissioner contends that the evidence of improvement in Plaintiff's headaches in January 2021 was inconsistent with any limitations not included in the RFC assessment, namely the noise

restrictions. Dkt. 11 at 2-3 (citing AR 432, 434). Plaintiff indeed reported that medication had cut her headaches "down by at least half" (AR 434) in January 2021, and her providers increased her dose of medication, which she refilled in February 2021. AR 424-26. The prescription refill note is the most recent medical evidence in the record. *Id*. But at the administrative hearing in April 2021, Plaintiff testified that her headaches had continued at the same frequency for the past four years, and did not mention her headache medications.[3] *See* AR 42. Because the ALJ mentioned that Plaintiff's headaches improved with medication, the Commissioner contends that the ALJ properly discounted headache-related limitations as inconsistent with this improvement. Dkt. 11 at 3.

On reply, Plaintiff emphasizes that the ALJ did not explicitly state that he was discounting headache-related limitations, and instead found the disputed opinions to be persuasive because they were generally well-supported and consistent with the record. Dkt. 12 at 1-2. Plaintiff goes on to argue that even if her headaches did improve with medication in January 2021, her headaches were not entirely eliminated and there is no suggestion in the record that the noise limitations would not have continued. Dkt. 12 at 2.

The Court finds merit in both of Plaintiff's arguments, and concludes that the ALJ's failure to specify the limitations he was rejecting and why he found them to be inconsistent with the record amounts to reversible error, particularly because the ALJ initially found the disputed opinions to be generally persuasive or even "significantly" persuasive because they were well-supported and consistent with the record. AR 21-23. Even under the new regulations, an ALJ

---

[3] Without explicitly identifying this conflict (or any other conflict), the ALJ credited the evidence of improvement in the medical record over Plaintiff's subjective testimony, and Plaintiff did not challenge this finding. AR 21. Plaintiff did not claim that her headaches caused noise limitations, however, and thus the ALJ's assessment of her allegations does not directly pertain to the noise limitations identified by Dr. Marshall and the State agency medical consultants.

must provide "an explanation supported by substantial evidence" to support his or her assessment of a medical opinion. *See Woods*, 32 F.4th at 792. Based on the conflicts in the record as to the extent of Plaintiff's improvement with medication, and the ALJ's failure to make specific findings resolving those conflicts, the ALJ failed to provide an adequate explanation of the inconsistency between the medical evidence and the medical opinions. Accordingly, the ALJ must reconsider the disputed opinions on remand.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the noise limitations included in the opinions of Dr. Marshall and the State agency medical consultants, and any other part of the decision as necessary.

Dated this 12th day of September, 2022.

S. KATE VAUGHAN
United States Magistrate Judge